IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES EARL MASHBURN                                                                       PLAINTIFF

vs.                                       Civil No. 2:16-cv-02249

NANCY A. BERRYHILL                                                 DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

James Earl Mashburn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1. **Background:**

Plaintiff protectively filed his disability applications on October 12, 2011. (Tr. 461-474).[1] In his applications, Plaintiff alleged he was disabled due to being illiterate and right-hand damage. (Tr. 550). Plaintiff alleged an onset date of April 30, 2010. (Tr. 461).

Plaintiff's applications were denied initially and upon reconsideration. Following this,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff requested a hearing, which was held on July 24, 2012. (Tr. 90-110). Plaintiff, who was represented by a non-attorney, appeared and testified at the hearing. *Id.* On August 17, 2012, the ALJ issued a fully favorable decision, finding Plaintiff was disabled as of April 30, 2010. (Tr. 180-187). The Appeals Council reviewed the ALJ decision and remanded the case on May 6, 2013. (Tr. 203-207).

Plaintiff had a second hearing on October 1, 2013. (Tr. 111-150). On May 16, 2014, the ALJ issued an unfavorable decision denying benefits to Plaintiff. (Tr. 211-222). Plaintiff requested Appeals Council review, which was granted and the matter was remanded to the ALJ on August 27, 2015. (Tr. 229).

Thereafter, on January 11, 2016, Plaintiff had a third administrative hearing. (Tr. 151-170). Plaintiff was present at this hearing and was represented by non-attorney representative. *Id.* Plaintiff and Vocational Expert ("VE") Debra Steele testified at this hearing. *Id.*

On February 9, 2016, the ALJ entered a partially favorable decision. (Tr. 22-35). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 25, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 28, 2010, his amended alleged onset date. (Tr. 25, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, history of right wrist fracture, cataracts with mild decreased visual acuity, depressive disorder, poly-substance abuse in partial remission, a verbal learning disorder, and an antisocial personality disorder traits disorder. (Tr. 26, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled

one of the Listings in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 26, Finding 4).

The ALJ then evaluated the credibility of Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 28-32, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform light work, except can read and write simple words and phrases; cannot perform work that requires reading print any smaller than newspaper size; can perform frequent fingering and handling on the dominant side; limited to simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed; and can respond to supervision that is simple, direct, and concrete. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 32, Finding 6). The ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform prior to September 28, 2015. (Tr. 33, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as air purifier servicer with 2,400 such jobs in Arkansas and 229,560 such jobs in the nation, housekeeper with 2,570 such jobs in Arkansas and 427,885 such jobs in the nation, and power screwdriver operator with 220 such jobs in Arkansas and 19,470 such jobs in the nation. *Id*. However, the ALJ also found Plaintiff was disabled under the medical-vocational guidelines (the grid) beginning September 28, 2015. (Tr. 34, Finding 12).

On October 17, 2016, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed

3

appeal briefs. ECF Nos. 12, 15. This case is now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

4

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred in failing to find Plaintiff met a Listing; (2) the ALJ erred in assessing his RFC; and (3) the ALJ erred in the Sep 5 analysis. ECF No. 12 at 14-20. Because the ALJ erred in assessing whether Plaintiff met a Listing, the Court will only address Plaintiff's first argument for reversal.

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included degenerative disc disease, history of right wrist fracture, cataracts with mild decreased visual acuity, depressive disorder, poly-substance abuse in partial remission, a verbal learning disorder, and an antisocial personality disorder traits disorder. (Tr. 26, Finding 2). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments. (Tr. 26, Finding 4).

Plaintiff argues he meets Listing 12.05 for intellectual disability. In order to meet Listing 12.05, there must be a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. 12.05(C) requires a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

As Plaintiff argues, his verbal comprehension score was 70, on the November 20, 2013 testing performed by Dr. Patricia Walz. (Tr. 830). Plaintiff had a full scale IQ of 77. *Id.* Dr. Walz specified an Axis II diagnosis of a verbal learning disorder and antisocial personality traits vs. disorder. *Id.* Dr. Walz specified a Global Assessment of Functioning ("GAF") score of 55-60. *Id.* Plaintiff was also tested with a GAF score of 35-45 in 2011. (Tr. 710). A GAF score of 40 to 50 indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

Plaintiff also has several other impairments, including degenerative disc disease, hepatitis C, osteoarthritis, decreased vision, personality disorder, and the residual effects of a wrist fracture. Each of these would meet the requirement of an additional impairment that poses a significant work-related limitation.

In this matter, the ALJ found Plaintiff did not have an IQ score that met the Listing requirements or an additional impairment that poses significant work-related limitation. (Tr. 27). These findings are incorrect. Plaintiff's verbal comprehension score of 70 is equivalent to the verbal IQ score for the purposes of determination under the Listings. Further, Plaintiff's described impairments are certainly the type that would impose an additional and significant work-related limitation of function.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st day of November 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE