IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES EARL MASHBURN                                                              PLAINTIFF

vs.                                      Civil No. 2:16-cv-02249

NANCY A. BERRYHILL                                                               DEFENDANT
Commissioner, Social Security Administration

# ORDER

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 19.[1] With this Motion, Plaintiff requests an EAJA award of $5,693.10. *Id.* On February 28, 2018, Defendant responded to this Motion and objects (1) to work performed on August 22, 2016 as not all having been done before the District Court and (2) because the fees are not appropriate because the government's position was substantially justified. ECF No. 22.

**1. Background:**

James Earl Mashburn ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On November 16, 2017, Plaintiff's case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 18.

On February 14, 2018, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No 19. With this Motion, Plaintiff requests an award of attorney's fees and costs of $5,693.10. *Id.* This amount represents 5.65 attorney hours at an hourly rate of $188.00 for

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

work performed in 2016, 15.25 attorney hours at an hourly rate of $192.00 for work performed in 2017, 1.15 attorney hours at an hourly rate of $196.00 for work performed in 2018, and 19.70 paralegal hours at an hourly rate of $75.00. *Id.* Defendant responded to this Motion on February 28, 2018 and objects to work performed on August 22, 2016 as not all having been done before the District Court and (2) the fees are not appropriate because the government's position was substantially justified. ECF No. 22.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 18. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not object to the hourly rate he requested. ECF No. 22.

Plaintiff requests a total award of 5,693.10 under the EAJA. ECF No. 19. Plaintiff requests these attorney fees at a rate of $188.00 per hour for work performed in 2016 and $192.00 per hour for work performed in 2017, and $196.00 for work performed in 2018. *Id.* An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly

3

rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. Further, Defendant does not object to these hourly rates. ECF No. 22. Based upon the CPI-South Index, the hourly rate of $188.00 is authorized for work performed in 2016, $192.00 is authorized for work performed in 2017, and $196.00 is authorized for work performed in 2017. Accordingly, the Court awards these hourly rates.

Further, the Court has reviewed Plaintiff's request for 5.65 hours of attorney work during 2016, 15.25 hours of attorney work during 2017, 1.15 hours of attorney work during 2018, and 19.70 hours of paralegal work. ECF No. 20-1. Defendant objects to 287 minutes of requested attorney work performed on August 22, 2016. ECF No. 22. Defendant objects to these hours, claiming Plaintiff is not entitled to all of the compensation for hours worked before the Complaint in this matter was filed. *Id.* Defendant argues "not all" of the work is properly treated and compensated as work performed before the District Court; however, Defendant fails to state which specific work should be denied. *Id.* Upon review of these itemized entries, the Court finds this work includes preparation of the IFP application and the Complaint, and it was performed in preparation for this appeal. Accordingly, the Court declines to reduce Plaintiff's award by this amount.

Defendant also objects and argues Plaintiff is not entitled to EAJA fees because the position of the Defendant was substantially justified. ECF No. 22. Defendant's argument on this is merely a rehash of the argument set forth in their appeal brief. ECF No. 15. This question was decided by the Court in its decision adopting the U. S. Magistrate Judge Barry Bryant's Report and Recommendation (ECF No. 17) and further, this was not objected to by the Defendant. Therefore, the Court finds the government's decision to deny benefits was not "substantially justified" and Plaintiff is the prevailing party.

Finally, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to

*Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). ECF No. 22. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$5,693.10** pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **6th day of March, 2018.**

/s/ *P. K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE